ESSEX COUNTY CIRCUIT COURT.

### UBALDO MASUCCI v. ROSARIO TIERNO.

Decided December 9, 1926.

**Capias ad Respondendum—Motion to Discharge on Ground That Affidavit is Entitled in Cause, and That There is no Proof Therein to Show That Defendant is Non-resident, or That He Intends to Depart the State—Intended Action is For Mayhem—Held, That the Title was Mere Surplusage, That the Affidavit Showed That the Suit was About to be Commenced; Held, Also, That Statute Provides Exceptions Where Capias May be Issued in Actions, and Mayhem is Included Among Them—Motion Denied.**

On motion to discharge order to hold defendant to bail under *capias ad respondendum*.

For the defendant, *Donohue & O'Brien*.

For the plaintiff, *Pasqualino C. Corbo*.

SMITH, J. The defendant was arrested upon an order based on affidavits showing mayhem, and application is made to dismiss the order to hold to bail and to discharge the bail on the ground that the affidavit is entitled in the cause, and that there is no proof in the affidavit to show that the defendant is a non-resident or that he intends to depart the state, and that there is nothing in the order finding any such fact.

I am not satisfied that the order should be discharged because the affidavits and order are entitled in the cause, because the parties are fully stated in the affidavits and in the order, and reference is made that a suit is about to be started by the proposed plaintiff against the proposed defendant, and, therefore, the caption may be discarded as surplusage. In fact, it is a mere title and not a title in a cause, as no reference is made to any court on the face of the order or affidavits.

The action, however, is one for mayhem, and the court is of the opinion that no special cause for holding the defendant to bail must be shown where the action is of such a character.

Section 56 of the Practice act provides for the exceptions where *capias* may be issued in actions. They are—(a) seduction, outrageous battery and mayhem; or (b) recovery of damages for misconduct or negligence of a public official; or (c) proof of special cause as heretofore for holding the defendant to bail.

It will be noted that the plain construction of this section is that special cause for holding the defendant to bail is not required where the charge is one of those stated in paragraph (a) *supra*. This is so held in *Wert* v. *Strause,* 38 *N. J. L.* 184 (at *p.* 188), where the action was by a father for seduction of his daughter. The exception is also recognized in *Hufty* v. *Wilson,* 78 *Id.* 241 (at *p.* 242), and *Logan* v. *Lawshe,* 62 *Id.* 567.

I might say that I have examined the case of *Vitalano* v. *Roffo,* decided by our Supreme Court November 2d, 1925, 3 *N. J. Mis. R.* 1130, where the *capias* was set aside on the ground that the papers in the case were entitled in the cause, and also on the ground that the order did not adjudicate that the defendant was a non-resident or intended to depart the state to avoid answering the judgment. The court, however, refers to *Hufty* v. *Wilson, supra,* for its authority, which recognizes *Wert* v. *Strause, supra,* and under the circumstances I feel it my duty to also deny the motion on this latter ground.